**CV 12 - 04320**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EARL AVERY A.K.A. EARL DAVID,
                          Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. WISNIEWSKI
[SHIELD # 13376], P.O. DIANE BOWMAN
[TAX REG. # 926595], SERGEANT COLON
[SHIELD # 3037], and JOHN DOE AND JANE
DOE #1-3 (the names John and Jane Doe being
fictitious, as the true names are presently unknown),
                          Defendants.
------------------------------------------------------------X

Case No.

**COMPLAINT**

JURY DEMAND

**GARAUFIS, J.**

**POLLAK, M.J**

Plaintiff, EARL AVERY a.k.a. EARL DAVID, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Wisniewski [Shield # 13376], P.O. Diane Bowman [Tax Reg. # 926595], Sergeant Colon [Shield # 3037], and John Doe and Jane Doe #1-3 (collectively, "defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1.     This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983 [and § 1985], [and arising under the law and statutes of the City and State of New York].

## JURISDICTION

2.     The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

## COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4. Plaintiff timely made and served a notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5. At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused.

6. This action is commenced within one year and ninety days after the happening of the event(s) upon which the claim(s) is based.

## THE PARTIES

7. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

8. At all relevant times, defendants P.O. Wisniewski [Shield # 13376], P.O. Diane Bowman [Tax Reg. # 926595], Sergeant Colon [Shield # 3037], and John Doe and Jane Doe #1-3 (hereinafter "defendant officers") were, upon information and belief, and still are, agents and/or officers employed by defendant City of New York.

9. At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

10. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

11. Plaintiff is suing the defendant officers in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. On or about March 6, 2012, at approximately 11:00 p.m., defendant officers, acting in concert, arrested plaintiff without cause at or close to the corner of Jamaica Avenue and Parsons Boulevard, Queens, New York, and charged plaintiff with PL 221.10(1) 'Criminal possession of marihuana in the fifth degree', among other charges.

13. Plaintiff, however, was not in possession of any marihuana, and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

14. Prior to his arrest, plaintiff was driving home from work with one of his friends when they initially encountered the defendant officers at or within the vicinity of 103rd Street, Queens, New York, where the defendant officers had pulled over another vehicle right in the middle of the road.

15. Because the defendant officers did not pull the plaintiff over at the time, plaintiff managed to drive around the other vehicle and continued on his way home.

16. This did not go down well with the defendant officers.

17. That the defendant officers decided to pursue the plaintiff within a short time thereafter.

18. After a few minutes, the defendant officers caught up with the plaintiff and drove alongside the plaintiff for a brief moment.

19. Eventually, defendant officers pulled the plaintiff over.

20. When defendant officers approached the plaintiff after he was pulled over, the defendant officers falsely alleged that the plaintiff ran a red light.

21. That the plaintiff did not run any red light and did not violate any traffic rules or laws of New York City and/or State.

22. Plaintiff and his friend were then ordered to step out of their vehicle.

23. When plaintiff stepped out of his vehicle as he was directed, plaintiff was ordered by defendant officers to sit on his car's rear bumper.

3

24. That the plaintiff refused to sit on his car's rear bumper.
25. This did not go down well with the defendant officers.
26. That the plaintiff and his friend were immediately ordered to submit themselves to an illegal search.
27. That the plaintiff and his vehicle were thoroughly searched by defendant officers on multiple occasions.
28. Even though defendant officers did not find anything illegal, defendant officers nonetheless arrested the innocent plaintiff and tightly handcuffed the plaintiff with his hands placed behind his back.
29. That the tight handcuffs left an impression on the plaintiff's writs and caused the plaintiff to sustain physical injuries and pains.
30. The defendant officers falsely alleged at the time that the plaintiff had an outstanding warrant which they needed to verify at the precinct, and indicated that they would release the plaintiff from the precinct if it turns out that he did not have any outstanding warrant.
31. That the plaintiff was then transported in defendant police officers' vehicle to a location which is closer to and/or on the same block as the NYPD-103rd Precinct.
32. Upon arriving at the aforesaid location that is close to and/or on the same block as the precinct, defendant officers removed the plaintiff from the police vehicle and placed the plaintiff in a police van.
33. That there were other arrestees sitting inside the police van at the time the plaintiff was placed inside the said police van.
34. Eventually, plaintiff was transported to the NYPD-103rd Precinct in the police van.
35. While at the precinct, plaintiff was further subjected to a strip search in the presence and clear view of other individuals who were present at the time.
36. The aforesaid strip search was illegal because defendant officers lacked reasonable suspicion to believe that plaintiff was in possession of contraband, weapons, and/or a means of escape.

37. Eventually, after detaining plaintiff at the precinct for a lengthy period of time, plaintiff was transported to the Central Booking to await arraignment even though he did not commit any crime or offense and defendant officers did not find anything illegal from their unlawful and unreasonable searches.

38. While plaintiff was awaiting arraignment, defendant officers met with prosecutors employed by the Queens County District Attorney's Office.

39. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that plaintiff was in possession of marihuana.

40. Based on the false testimony of defendant officers, a prosecution was commenced against plaintiff.

41. Eventually, following the plaintiff's arraignment, the false charges levied against the plaintiff were summarily dismissed.

42. That the plaintiff, who is self employed, was unable to work during the entire period of his unlawful incarceration.

43. That each and every officer who responded to and/or was present at the location of the arrest knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

44. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

45. As a result of the aforesaid actions by defendant officers, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, wages and financial losses, and damage to reputation.

FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

46. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 45 of this complaint as though fully set forth herein.

47. The conduct of defendant officers, as described herein, amounted to false arrest, excessive use of force, malicious abuse of process, first amendment retaliation, failure to intervene, illegal and unreasonable stop, frisk, search

and seizure, subjection to strip naked searches, tortious harassment, abuse of authority, fabrication of evidence, denial of right to a fair trial, violation of due process rights and malicious prosecution.

48. Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

49. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO TRAIN AND MUNICIPAL POLICY

50. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 49 of this complaint as though fully set forth herein.

51. Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

52. Additionally, defendant City of New York, acting through District Attorney Richard A. Brown and the Office of the District Attorney of the Queens County, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing of witnesses and informants, assessing the credibility of witnesses and informants, the initiation and/or prosecution of criminal actions, obligation not to promote or condone perjury and/or assist

6

in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

53. Defendant City of New York, acting through aforesaid NYPD and District Attorney, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally strip searching, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in narcotics, drugs and/or other illicit activities.

54. The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts, and from a January 2006 statement by Deputy Commissioner Paul J. Browne that police commanders are permitted to set "productivity goals" (i.e., arrest quotas). *See Colon v. City of New York*, 2009 U.S. Dist. LEXIS 110520 (E.D.N.Y. Nov. 25, 2009) (Weinstein, J.). *See also* the following cases filed in this district: *Alisha Brewster v. City of New York*, (11 CV 4874); *Robert Cooper v. City of New York*, (11 CV 4873, 11 CV 452); *Diane Dawson v. City of New York* (11 CV 4872); *Robert Rogers v. City of New York*, (11 CV 4870); *Richardson Francois v. City of New York* (11 CV 2086); *Geneeza Walls v. City of New York*, (10 CV 5769); *Javier Jones v. City of New York* (10 CV 3719); *Euday Bowman v. City of New York* (10 CV 3419); *Edward Ogunmoyin v. City of New York* (10 CV 1060); *John McLean v. City of New York* (10 CV 631).

55. That the issue of arrest quotas has been recently decided and/or it has been conclusively determined that officers of the New York Police Department are permitted, as a policy and/or practice, to use quotas to make arrests. *See Bryant v. City of New York*, Index No. 22011/07 (Sup. Ct. County of Kings Feb. 18, 2011).

56. That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices,

69. The conduct of defendant officers, as described herein, amounted to assault and battery.

70. By reason of and as a consequence of the assault, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, and damage to reputation.

71. Upon information and belief, defendant City of New York had sufficiently specific knowledge or notice of defendant officers' propensity for acts complained of herein and that their acts could reasonably have been anticipated. However, defendant City of New York failed to take any appropriate actions to assure plaintiff's safety and security and failed to protect and/or safeguard plaintiff's interests.

72. That defendant City of New York's failure to assure plaintiff's safety and security was a proximate cause of plaintiff's injuries.

### SIXTH CAUSE OF ACTION: NEGLIGENT & INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

73. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 72 of this complaint as though fully set forth herein.

74. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

75. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the assault, strip search, detention and imprisonment by defendants.

76. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
      August 28, 2012

                          UGO UZOH, P.C.

By:    Ugochukwu Uzoh (UU-9076)
       Attorney for the Plaintiff
       304 Livingston Street, Suite 2R
       Brooklyn, NY 11217
       (718) 874-6045